\*\* E-filed August 27, 2010 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOLARBRIDGE TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE (dba "Mark Tatley"),<br><br>Defendant.<br>_____/ | No. C10-03769 LHK (HRL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT THIRD-PARTY DISCOVERY AND DENYING AS MOOT PLAINTIFF'S ADMINISTRATIVE MOTION**<br><br>[Re: Docket Nos. 4 & 7] |

**BACKGROUND**

SolarBridge Technologies, Inc. ("SolarBridge"), a developer of productions and systems for solar panel installations, filed this action against the John Doe defendant ("Defendant") alleging violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*. ("CFAA"), and California Penal Code § 502(c) for unauthorized access of a computer, as well as statutory and common law trade secret misappropriation and unfair competition, after one of SolarBridge's competitors notified it that it had received an anonymous email containing SolarBridge's confidential intellectual property and trade secret material (including schematics and other product design documents related to current and future products).

The email to which the confidential material was attached was sent using the alias "Mark Tatley" from the email address "tattel_49@yahoo.com" and had the subject heading "Gift." (Docket No. 5 ("Ramsey Decl.") at ¶ 3.) Upon learning of this, SolarBridge sent an email to the

"tattel_49@yahoo.com" email address, requesting that the email recipient identify themselves, but so far SolarBridge has received no reply. (*Id*. at ¶ 8.) It also searched public record names and the Internet for the name "Mark Tatley" and the Yahoo! email address. (*Id*. at ¶ 6.) SolarBridge's investigation suggests that there is no real individual named "Mark Tatley" and that the email address was created anonymously with fake information. (*Id*. at ¶ 7.)

SolarBridge has also contacted its other competitors to determine whether they received similar emails, but they have indicated that they did not get any such email and do not have any information to help identify Defendant. (*Id*.) SolarBridge further contacted all parties subject to non-disclosure or confidentiality agreements and who might have had access to SolarBridge's confidential information, but none of those parties have responded with any information to help identify Defendant, either. (*Id*.)

As such, after exhausting all reasonable efforts to identify and locate Defendant, SolarBridge filed the instant motion for leave to conduct limited discovery of third party entities — specifically, various internet service providers — necessary to identify and locate Defendant so SolarBridge can properly serve Defendant in this action.[1] (Docket No. 4.)

## LEGAL STANDARD

The practice of suing Doe defendants is generally disfavored in the Ninth Circuit. However, in cases where the identity of the alleged defendant will not be known prior to the filing of a lawsuit, "'the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

When an anonymous Internet user is a target defendant, limited discovery to identify the defendant may be permitted where a plaintiff:

(1)     identifies the missing party with sufficient specificity such that the court can determine that defendant is a real person or entity who could be sued in federal court;

---

[1] SolarBridge also filed an administrative motion for the Court to hear its motion for leave to conduct third party discovery on August 31, 2010. Because the Court finds the matter suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b), the Court will deny SolarBridge's administrative motion as moot.

2

1     (2)    identifies all previous steps taken to locate the elusive defendant;

2     (3)    establishes to the court's satisfaction that the lawsuit against defendant could

3 withstand a motion to dismiss; and

4     (4)    states reasons justifying the specific discovery requested, and identifies a limited

5 number of persons or entities upon whom discovery might be served and for which there is a

6 reasonable likelihood that the discovery will lead to identifying information about defendant that

7 would make service of process possible.

8 *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

## DISCUSSION

10     SolarBridge has met its burden as set forth above.  First, Defendant is an individual or entity

11 that accessed SolarBridge's confidential information and disclosed that information to one of its

12 competitors, and the email sent by Defendant is associated with San Jose-based company Yahoo!,

13 Inc.

14     Second, and as described above, SolarBridge has undertaken a diligent investigation to

15 identify Defendant without the use of third party discovery, to no avail.  The "Mark Tatley" name

16 and "tattel_49@yahoo.com" email address, by themselves, only have value insofar as they can be

17 associated with further email account information and/or an IP address.  This information, though, is

18 only possessed by an email or internet service provider, and they generally do not divulge customer

19 information without a subpoena or other legal authorization.  As such, SolarBridge seeks to

20 subpoena Yahoo!, Inc. and Google, Inc. for this otherwise unobtainable information.[2]

21     Third, the Court is satisfied that SolarBridge's action would likely withstand a motion to

22 dismiss, as it appears to have sufficiently alleged claims for violations of the CFAA and California

23 Penal Code § 502(c) as well as statutory and common law trade secret misappropriation and unfair

24 competition.  And fourth, SolarBridge has shown that there is a reasonable likelihood that its

---

[2] SolarBridge states that has requested archived copies of the email from Google, Inc., the internet service provider for SolarBridge's competitor that received the email from "Mark Tatley."  An archived copy of the email may reveal header information and transmission data, including the originating IP address(es), which would allow SolarBridge to identify the computer where the email was sent. (Ramsey Decl. at ¶¶ 11-15.)

1 requested discovery will lead to information to identify Defendant and make service on Defendant
2 possible.

**CONCLUSION**

Based on the foregoing, the Court GRANTS SolarBridge's motion for leave to conduct third party discovery.  Accordingly, IT IS ORDERED THAT:

1. SolarBridge may subpoena Yahoo!, Inc. for registration, assignment, contact, billing and payment information, and any IP address information related to the email account "tattel_49@yahoo.com";

2. SolarBridge may subpoena Google, Inc. for registration, assignment, contact, billing and payment information associated with any IP address related to the sender of the email from account "tattel_49@yahoo.com";

3. SolarBridge will be permitted to seek discovery of other IP addresses that Defendant has registered with the hosts/ISPs listed above, and to subpoena registration, assignment, contact, billing and payment information for those additional addresses;

4. SolarBridge will be permitted to seek discovery of IP addresses that the hosts/ISPs listed above have assigned to other users who have provided the same billing information as that provided for the IP addresses associated with the email sent from the email account "tattel_49@yahoo.com";

5. To the extent discovery of the host/ISP records identifies other IP addresses that (a) were associated with the email sent from the email account "tattel_49@yahoo.com"; and (b) are not controlled by the subpoenaed hosts/ISPs, SolarBridge will be permitted to subpoena other hosts/ISPs identified in the responses to its subpoenas for registration, assignment, contact, billing and payment information for those IP addresses; and

6. In granting SolarBridge's motion for leave to conduct discovery to identify Defendant, the Court does not intend to foreclose any valid objections that may be raised by parties responding to these subpoenas.

In addition, the Court DENIES AS MOOT SolarBridge's administrative motion for shorten time.

1    **IT IS SO ORDERED.**

2    Dated: August 27, 2010

3    _____
     HOWARD R. LLOYD
     UNITED STATES MAGISTRATE JUDGE

1  **C10-03769 HRL Notice will be electronically mailed to:**

2  Gabriel M. Ramsey          gramsey@orrick.com, aruiz@orrick.com
   Gary Evan Weiss            gweiss@orrick.com, sdonlon@orrick.com
3  Jacob Marcus Heath         jheath@orrick.com, kmudurian@orrick.com

4  **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**