UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOLARBRIDGE TECHNOLOGIES, INC., a Delaware Corporation<br><br>Plaintiff,<br><br>v.<br><br>ISAAC OZKAYNAK, an individual,<br><br>DEFENDANT. | Case No. C 10-cv-03769-EJD<br><br>**ORDER FOR FURTHER BRIEFING** |

Presently before the Court is Plaintiff's Motion for Default Judgment. See, Dkt. No. 33. As part of their Motion, Plaintiff argued claims under the Computer Fraud and Abuse Act ('CFAA'), 18 U.S.C. § 1030. Those claims, amongst others, provide the predicate for Plaintiff's Motion for Default Judgment.

On April 10, 2012 the Ninth Circuit (*en banc*) decided U.S. v. Nosal, No. 10-10038, 2012 WL 1176119 (9th Cir.2012). There, the court interpreted the phrase "exceeds authorized access" within the meaning of CFAA. The court held that the phrase "does not extend to violations of use restrictions." Nosal, 2012 WL 1176119 at*7. The court said that "if Congress wants to incorporate misappropriation liability into the CFAA, it must speak more clearly." Id. The decision reversed U.S. v. Nosal, 642 F.3d 781, 785 (9th Cir.2011) – being a 2:1 decision that broadly interpreted the phrase: "exceeds authorized access" to include employer use restrictions.

The *en banc* court reasoned that its interpretation was a more "sensible reading of the text and legislative history of a statute whose general purpose is to punish *hacking* – the circumvention of technological access barriers – not misappropriation of trade secrets – a subject Congress has dealt with elsewhere." Nosal, 2012 WL 1176119 at*7. To reinforce its holding, the court cited a growing number of recent cases – in the civil action context – which allow for compensatory damages and injunctive relief as permitted by 18 U.S.C. § 1030(g). The cited cases, include:

1

Shamrock Foods Co. v. Gast, 535 F. Supp. 2d 962, 965 (D. Ariz. 2008)); Orbit One Commc'ns, Inc. v. Numerex Corp., 692 F. Supp. 2d 373, 385 (S.D.N.Y. 2010); Diamond Power Int'l, Inc. v. Davidson, 540 F. Supp. 2d 1322, 1343 (N.D. Ga. 2007); Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda, 390 F. Supp. 2d 479, 499 (D. Md. 2005).

In the present case, the date for filing the Parties' Motions for Default Judgment was prior to the opinion in Nosal. Neither of the Parties have had opportunity to present argument addressing the impact of that decision on this case. As such, this Court is interested in understanding what affect, if any, the *en banc* court's decision has on:

(a) Plaintiff's claims under the CFAA – including each of the CFAA sections referred to in Plaintiff's Motion for Default Judgment. See, Dkt. No. 33;

(b) Plaintiff's argument with respect to the discretionary factors stated in Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir.1986) – specifically those factors addressing i) the merits of the claim and ii) the sufficiency of the complaint;

(c) Plaintiff's Amended Complaint. See, Dkt. No. 16, and whether the Court should grant an order to provide for further amendment (if any) to accord with the new interpretation of the CFAA – and, to specify the date upon which the Defendant "exceeded authorization" in accessing the "computers and servers in order to disclose confidential material….without [Plaintiff's] prior consent." See, Dkt. No. 16 ¶ 25; and

(d) Plaintiff's argument with respect to Defendant's alleged violations of California Penal Code Section 502(c),[1] which is based on similar arguments to its claims under the CFAA.[2]

---

[1] Plaintiff's brief states: "SolarBridge has also established that Defendant violated California Penal Code Section 502. Section 502, like the CFAA, prohibits the unauthorized access of a protected computer and creates civil cause of action." See, Plaintiff's Motion for Default Judgment, Dkt. No. 33 at page 13.

With respect to this argument, the Court is mindful of what was said in Chrisman v. City of Los Angeles, 155 Cal. App. 4th 29, 32 (Cal. Ct. App. 2007). In Chrisman, the court found that a police officer did not violate Section 502 when, while on duty, the officer "accessed the Department computer system [] for non-duty-related activities." 155 Cal. App. 4th at 32. Chrisman also cited: People v. Gentry (1991) 234 Cal.App.3d 131, 285 Cal.Rptr. 591, which explained: "One of the legislative purposes of Penal Code section 502 was 'to deter and punish...browsers and *hackers*—outsiders who break into a computer system to obtain or alter the information contained therein." (Gentry, at p. 141, fn. 8, 285 Cal.Rptr. 591.)"

2

Case No. C 10-cv-03769-EJD
ORDER FOR FURTHER BRIEFING

While the Court notes that Nosal was set within a criminal context, the court cited several cases – set within the civil action context – to support its reasoning. See, Nosal, 2012 WL 1176119 at*7. In the Court's view, discussion of those cases in additional briefing could be relevant to the disposition of this case.

Accordingly, the court orders as follows:

1. Plaintiff shall file an additional brief addressing the issues discussed herein no later than May 4, 2012. The brief filed pursuant to this Order shall not exceed twelve (12) pages in length.

2. The hearing schedule for April 20, 2012 is continued to May 11, 2012 at 9:00am.

**IT IS SO ORDERED.**

Dated: April 18, 2012



EDWARD J. DAVILA
United States District Judge

---

[2] The Court also observes what was recently said by a federal district court – citing Chrisman, 155 Cal. App. 4th 29 – with respect to Section 502:

> Although cases interpreting the scope of liability under the CFAA do not govern the Court's analysis of the scope of liability under Section 502, CFAA cases can be instructive. EFF points to several CFAA cases for the proposition that the CFAA prohibits trespass and theft, not mere violations of terms of use. See, e.g., LVRC Holdings LLC v. Brekka, 581 F.3d 1127, 1130 (9th Cir.2009) ("[F]or purposes of the CFAA, when an employer authorizes an employee to use a company computer subject to certain limitations, the employee remains authorized to use the computer even if the employee violates those limitations."); Diamond Power Int'l, Inc. v. Davidson, 540 F.Supp.2d 1322 (N.D.Ga.2007) ("Under the more reasoned view, a violation for accessing 'without authorization' occurs only where initial access is not permitted.").

See,Facebook, Inc. v. Power Ventures, Inc., No. C 08–05870–JW, 2010 U.S. Dist. LEXIS 93517, at *9, 2010 WL 3291750 (N.D.Cal. July 20, 2010).

**United States District Court**
For the Northern District of California